UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

PAUL A. ADAMS,

Petitioner,

v.

Warden TIM O'DELL,

Respondent.

Civil File No. 01-1823 (ADM/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this matter be transferred to the U.S. District Court for the Eastern District of Wisconsin.

## I. BACKGROUND

On or about June 2, 1999, Petitioner was convicted in the state circuit court for Washington County, Wisconsin, on charges of "party to a crime/delivery of a non narcotic, and drunk driving." (Petition, [Docket No. 1], p. (2).) He was sentenced to five years in state prison, and he is currently serving his sentence at the Prairie Correctional Facility in Appleton, Minnesota. (Id.) Petitioner challenged his convictions and sentence in the Wisconsin state appellate courts, but his appeals were denied. (Id., p. (3).) He is now seeking federal habeas corpus review of his convictions and sentence, pursuant to 28 U.S.C. § 2254.

In his current petition, Petitioner contends that his convictions and/or sentence

FILED 10-10-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

should be set aside because (1) he was denied his constitutional right to appeal, (2) he received ineffective assistance of counsel (because his attorney allegedly failed to review his pre-sentence report with him), (3) the trial court judge allegedly violated the "judicial code of ethics," and (4) the trial court improperly "submit[ted] issues into the record" after his appeal was filed.[1] (Id. pp. (5)-(6).) For the reasons discussed below, it will be recommended that the instant petition not be addressed on the merits in this district, but rather, that the matter be transferred to the U.S. District Court for the district in which Petitioner was convicted – namely the Eastern District of Wisconsin.

## II. DISCUSSION

Because Petitioner is currently incarcerated here in Minnesota, he can properly seek habeas corpus relief in this district, even though he was convicted in a Wisconsin state court. Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981) ("a court has jurisdiction to entertain a petition for habeas corpus relief whenever it can serve process on the custodian"). See also Rules Governing Section 2254 Cases In The United States District Courts, Rule 2, "Advisory Committee Notes" ("[t]he proper person to be served [with a petition for writ of habeas corpus] in the usual case is either the warden of the institution in which the petitioner is incarcerated... or the chief officer in charge of state penal institutions").

However, even though our Court has jurisdiction in this matter, (because Petitioner and his immediate custodian are located in this district), it is also necessary to consider

[1] In an addendum to the petition, entitled "Ground five......," Petitioner contends that he is a "citizen of Minnesota" and has a right to seek habeas relief in this district. As far as the Court can tell, the arguments set forth at "Ground five" are not offered as a separate legal basis for setting aside his convictions or sentence.

whether Minnesota is the most appropriate venue for Petitioner's habeas corpus proceedings. Weeks, 638 F.2d at 693 ("[o]nce the custodian is properly served,... it is still proper to consider the most convenient forum for the litigation").

When a prisoner is incarcerated in a state other than the state in which he was convicted, it is generally preferable to have his federal habeas corpus claims considered in the state where he was convicted. Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973) (habeas petition filed by a Montana prisoner housed in a South Dakota prison was properly transferred from the District Court of South Dakota to the District Court of Montana, because Montana – the place of conviction – was the preferable venue). The instant Petitioner was tried and convicted in Wisconsin under that state's law, and the Wisconsin Department of Corrections remains ultimately responsible for his custody. Therefore, the Court finds that Petitioner's current § 2254 habeas corpus petition should be litigated in Wisconsin. See Smart v. Goord, 21 F.Supp.2d 309, 315 (S.D.N.Y. 1998) (habeas petition filed by New Hampshire prisoner held in New York prison was transferred to New Hampshire because that state was a more appropriate venue); Fest v. Bartee, 804 F.2d 559, 560 (9th Cir. 1986) (habeas petition brought by Nebraska prisoner housed in a Nevada prison should have been brought in Nebraska, not Nevada). It will therefore be recommended that this action be transferred to the U.S. District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1406(a).[2]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

---

[2] The transferee court should be allowed to resolve Petitioner's "Motion For Review," (Docket No. 2), as it sees fit.

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to transfer this action to the U.S. District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1406(a).

DATED: October 10, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by OCT 26, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.