**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Paul A. Adams,

Petitioner,

v.

Warden Tim O'Dell,

Respondent.

**MEMORANDUM OPINION ORDER**
Civil No. 01-1823 ADM/JGL

---

This matter is before the undersigned District Court Judge pursuant to the Petitioner's "Response" [Doc. No. 4] to the October 10, 2001 Report and Recommendation ("R&R") of Magistrate Judge Jonathan Lebedoff [Doc. No. 3]. The R&R recommended transferring Petitioner's *pro se* motion under 28 U.S.C. § 2254 to the Eastern District of Wisconsin. Petitioner was convicted in a state circuit court in Washington County, Wisconsin and received a five-year sentence, which he is currently serving in Appleton, Minnesota. Petitioner's response to Judge Lebedoff's R&R does not contain any substantive objections, but asks for expedited consideration because of his release date scheduled on November 8, 2001. Petitioner avers he will be placed on parole until July 2004. For the reasons discussed below, Judge Lebedoff's R&R is adopted in its entirety.

The factual background is adequately set forth in the R&R and is incorporated in by reference for the purposes of Petitioner's present objections.

A federal court may entertain a habeas corpus action by an individual in custody pursuant to the judgment of a state court on the ground that his imprisonment is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The federal court retains jurisdiction over the petition even if the individual was discharged after it was filed, so long as jurisdiction existed at the time of filing. *Jones v. Jerrison*, 20 F.3d 849, 852 n.2 (8th Cir.

FILED 12-5-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 12-5-01
DEPUTY CLERK

1994). Jurisdiction is appropriate in a petition for habeas corpus relief where the custodian can be served with process. *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981).

The determination that jurisdiction is appropriate does not end the inquiry. *See id.* at 693. It is also appropriate to determine where the most convenient forum is for the litigation. *Id.* In deciding between the state in which the individual is incarcerated and the state where the individual received his sentence, the state of conviction represents the most convenient forum. *See Wilkins v. Erickson*, 484 F.2d 969, 973 (8th Cir. 1973) (finding that Montana, the convicting state, was a more convenient forum than South Dakota, the state where the prisoner was incarcerated, because the Montana judgment was under attack); *see also Fest v. Bartee*, 804 F.2d 559, 560 (9th Cir. 1986) (finding that though the prisoner was incarcerated in Nevada, the convicting state, Nebraska, was the more appropriate venue because the appellees were Nebraska officials).

In the instant case, Petitioner was sentenced by a Wisconsin state court and incarcerated in a Minnesota prison. The claims raised by Petitioner in his habeas petition concern the procedures of the court and his legal representation in Wisconsin. [Doc. No. 1]. Because Petitioner was incarcerated in Minnesota, this Court could properly exercise jurisdiction over this action. *See Jones*, 20 F.3d at 852 n.2; *Weeks*, 638 F.2d at 692. Wisconsin, however, is the more appropriate venue for Petitioner's motion. *See Weeks*, 638 F.2d at 693; *Wilkins*, 484 F.2d at 973; *Fest*, 804 F.2d at 560. Therefore, Petitioner's action is transferred to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1406(a).

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Judge Lebedoff's R&R of October 10, 2001 is **ADOPTED** in its entirety;

(2) This action is **TRANSFERRED** to the United States District Court for the Eastern District of Wisconsin.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Judge Ann D. Montgomery
United States District Court Judge

Date: December 5, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.